John E. Cone, J.
Plaintiff moves for an injunction pendente lite enjoining the defendants from picketing its place of business or from interfering with the discharging, loading, moving or otherwise operating its vessels. Defendants cross-move to dismiss the complaint on the grounds that it fails to state facts sufficient to constitute a cause of action and that the court lacks jurisdiction of the subject matter.
The facts briefly reveal that the parties entered into an employment contract effective October 15,1956 and expiring September 30, 1958. The contract contains a reopening and renegotiation clause relative to wages and other monetary matters. This clause in the preamble of the contract reads as follows: “ Application by either party to open negotiations for changes in the wage scale or any monetary matters any time during the life of this agreement shall not be deemed cause of termination of this agreement.” Article II, section 4, further provides that there shall be no strikes, lockouts or stoppages of work while the provisions of this agreement are in effect. Predicated upon the reopening clause, notice was duly served upon plaintiff seeking a renegotiation of wages and other monetary matters. After a series of conferences, the parties reached a deadlock resulting in the picketing of plaintiff’s place of business.
It is plaintiff’s contention that the right of renegotiation and the failure to reach an amicable adjustment of wages, etc. did not carry with it the concomitant right to strike in support thereof but rather that the defendants were relegated to section 3 of article II of the contract relative to the arbitration of *7 grievances arising in connection with the performance of the agreement. That inasmuch as plaintiff is seeking to enforce the provisions of the agreement between the parties, section 876-a of the Civil Practice Act is not applicable. With this contention the court does not agree. A labor dispute does not lose its characterization as such merely because it occurs in violation of an agreement and if there is a bona fide labor dispute between the parties, the plaintiff may not avoid the requirements of section 876-a merely by showing the violation of an agreement by defendants. (Bert Mfg. Co. v. Local 810, 136 N. Y. S. 2d 805.)
Section 876-a (subd. 10, par. [c]) in defining the term “ labor dispute ” reads as follows: “ The term ‘ labor dispute ’ includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, or concerning employment relations ’ ’.
It is needless to say that an impasse in wage negotiations between an employer and the union bargaining in behalf of its employees constitutes a 6 ‘ controversy concerning terms or conditions of employment ” within the meaning of the above-quoted paragraph (Vim Elec. Co. v. Solomon, 67 N. Y. S. 2d 908). It would appear that in this State the weight of authority supports the proposition that a breach of a collective barg*aining agreement constitutes a controversy concerning terms and conditions of employment and is a labor dispute within the meaning of section 876-a. (De Neri v. Gene Louis, Inc., 261 App. Div. 920, mod. 288 N. Y. 592 [with modifications not here material]; Scafidi v. Debnar, 22 N. Y. S. 2d 390; Green Bus Lines v. Flynn, 61 N. Y. S. 2d 663.)
While the court is clearly sympathetic to those employees not parties to the dispute who are unable to earn their livelihood because of the dispute, it finds that plaintiff is not entitled to the relief sought herein- since it must comply with subdivisions 1 and 4 of section 876-a.
Accordingly, the motion for an injunction pendente lite is denied, without prejudice to a renewal thereof if plaintiff is so advised upon the service of an amended complaint. In view of this disposition, the court grants the motion to dismiss with leave to serve an amended complaint.